T.C. Memo. 1998-237

UNITED STATES TAX COURT

JOHN MINOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12653-96.                    Filed July 2, 1998.

John Minor, pro se.

<u>John J. Boyle</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]   Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for the years indicated:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|------------|---------------------------------|
| 1990 | $739 | $101 |
| 1991 | 949 | 100 |
| 1992 | 1,174 | 118 |
| 1993 | 1,391 | 114 |

The issues for decision are: (1) Whether petitioner received and failed to report income for the taxable years in issue; and (2) whether petitioner is liable for the section 6651(a)(1) additions to tax for the taxable years in issue.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Indianola, Mississippi, on the date the petition was filed in this case.

Petitioner worked for Gresham Service Stations, Inc. (GSS) in Indianola during 1990, 1991, and 1992. He also worked for Double Quick, Inc. (DQ) in Indianola during 1992 and 1993. The corporations reported on Forms W-2 and later verified in letters to respondent that petitioner earned wages in the following amounts during the taxable years in issue:

| Year | GSS | DQ |
|------|------|------|
| 1990 | $ 9,684 | - |
| 1991 | 11,344 | - |
| 1992 | 5,062 | $ 8,075 |
| 1993 | - | 14,748 |

The first issue for decision is whether petitioner received and failed to report income during the taxable years in issue. Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61(a) includes in gross income all income from whatever source derived including, but not limited to, compensation for services. Sec. 61(a)(1). At trial, petitioner admitted that he earned the amounts reported on the Forms W-2 and determined by respondent in the statutory notice of deficiency to be includable in his gross income. Petitioner claims, however, that he is entitled to a deduction for the amounts of his wages which were allegedly garnished by order of a Mississippi State court.

Based on the record, we find that petitioner has failed to prove any error in respondent's determinations. According to his testimony, his wages were garnished to repay loan proceeds which he obtained by forging the signature of another person. We find his claim to a deduction for amounts which he is required to pay to such person to be without merit. An employer's payment of an obligation of the taxpayer is equivalent to the taxpayer's receipt of income in the amount so paid. Old Colony Trust Co. v.

Commissioner, 279 U.S. 716 (1929). Respondent's determinations on this issue are sustained.

The second issue for decision is whether petitioner is liable for the section 6651(a)(1) additions to tax for the taxable years in issue.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes that such failure is due to reasonable cause and not due to willful neglect. "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. United States v. Boyle, 469 U.S. 241, 245-246 (1985). "[W]illful neglect" means a conscious, intentional failure or reckless indifference. Id. at 246. The addition to tax equals 5 percent of the tax required to be shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. Sec. 6651(a)(1).

Petitioner did not address at trial respondent's determinations that he is liable for the section 6651(a)(1) additions to tax. We therefore find that he has failed to prove that his failure to file his returns was not due to willful neglect or that such failure was due to reasonable cause.

Accordingly, we hold that petitioner is liable for the section 6651(a)(1) additions to tax for the taxable years in issue.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.