T.C. Memo. 2000-218


UNITED STATES TAX COURT


HORACE M. CHAMBERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 890-99.                    Filed July 18, 2000.


Horace M. Chambers, pro se.

<u>Daniel J. Parent</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  In a notice of deficiency addressed to petitioner, respondent determined deficiencies and additions to tax as follows:

| | | Additions to Tax | | |
|------|------------|----------------|----------------|-----------|
| <u>Year</u> | <u>Deficiency</u> | <u>Sec. 6651(a)(1)</u> | <u>Sec. 6651(a)(2)</u> | <u>Sec. 6654</u> |
| 1995 | $12,460 | $705 | $485 | $114 |
| 1996 | 10,210 | 807 | 341 | 153 |

After concessions,[1] the issues for our consideration are:
(1) Whether petitioner must include in his income wages in the
amount of $53,153 and $54,112 for tax years 1995 and 1996,
respectively, that he earned as a civilian employee of the
Department of Defense; (2) whether petitioner can exclude from
his wage income $14,363.89 and $16,965.90, that were garnished
from his wages during 1995 and 1996, respectively, to pay court
ordered alimony and child support; (3) whether petitioner is
entitled to deduct $2,312.46 and $2,865.84 in alimony that he
paid during the 1995 and 1996 tax years, respectively; and (4)
whether petitioner is liable for additions to tax under sections
6651(a)(1), 6651(a)(2), and 6654[2] for the 1995 and 1996 tax
years.

## FINDINGS OF FACT[3]

Petitioner resided at 1701 Ellis Lake Drive, #54,
Marysville, California, at the time he filed his petition.

---

[1] Petitioner has conceded: (1) He failed to report interest
income of $14 and $12 for the 1995 and 1996 tax years,
respectively; (2) he failed to report dividend income of $97 for
the 1995 tax year; and (3) he failed to report the sale of stock
totaling $8,479 for the 1995 tax year. Respondent concedes that
petitioner had a basis of $10,600 in the stock and that
petitioner had a capital loss of $2,121 in 1995.

[2] Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the years at issue, and Rule
references are to the Tax Court Rules of Practice and Procedure.

[3] The stipulation of facts and the exhibits attached thereto
are incorporated herein by this reference.

Petitioner failed to file Federal income tax returns for the 1995 and 1996 tax years. During 1995 and 1996, petitioner was employed as a budget analyst by the Department of Defense. Petitioner earned wages in the amount of $53,153 in 1995 and $54,112 in 1996.

In January 1992, petitioner separated from his wife, and in February 1994, the parties entered into a marital settlement agreement that resolved numerous issues related to child custody, visitation, child support, identification and division of community assets and obligations, and disposition of the family residence. On February 16, 1994, an agreement was filed as a stipulated judgment. The Nevada County Superior Court ordered petitioner to pay both child and spousal support. Petitioner appealed the Superior Court's rulings regarding child and spousal support to the Court of Appeals of the State of California, Third Appellate District. The appellate court affirmed the Nevada County Superior Court's Judgment.

Petitioner was required to pay both alimony and child support but failed to pay either. Petitioner's wages were garnished from his employer by the Nevada County Family Support Division to pay the child support and spousal support. During 1995, $2,312.46 was garnished from petitioner's wages for alimony and $12,051.43 was garnished for child support. During 1996, $2,865.84 was garnished from petitioner's wages for alimony and $14,100.06 was garnished for child support.

OPINION

We must decide (1) whether petitioner must include in his income wages of $53,153 and $54,112 for the 1995 and 1996 tax years, respectively, and whether petitioner may exclude from his income amounts that were garnished from his wages during 1995 and 1996 to pay court ordered alimony and child support; (2) whether petitioner is entitled to deduct amounts that he paid in alimony in 1995 and 1996; and (3) whether petitioner is liable for any additions to tax under sections 6651(a)(1), 6651(a)(2), or 6654.

I. Income

Section 61 provides that gross income includes all income from whatever source derived. Subsection (a)(1) specifically provides that compensation for services is included in income. See also Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955); sec. 1.61-2, Income Tax Regs. Petitioner was a civilian employee of the Department of Defense and earned gross wages of $53,153 in 1995 and $54,112 in 1996. Accordingly, petitioner is required to include these amounts in his taxable income for the 1995 and 1996 tax years, respectively.

Petitioner argues that he should not be required to include in his taxable income amounts that were garnished from his wages. Petitioner contends that (1) he is a cash basis taxpayer and never had control of the amounts that were garnished and (2) his civil rights were violated during his divorce proceedings.

It is well established that income from personal services

must be included in the gross income of the person who renders the services. See Lucas v. Earl, 281 U.S. 111 (1930). Even if a taxpayer delivers the payor's check to a third party before cashing the check, income earned by the taxpayer for services rendered must be included in gross income. See United States v. Allen, 551 F.2d 208 (8th Cir. 1977). Moreover, if the taxpayer caused the check to be issued directly to the third party, the taxpayer must include the compensation in gross income. See Hicks v. Commissioner, T.C. Memo. 1982-200, affd. 718 F.2d 1110 (9th Cir. 1983).

Lack of control over the earnings does not justify exclusion of earnings from the employee's gross income used to pay an obligation of the employee. See Tucker v. Commissioner, 69 T.C. 675, 678 (1978). An employer's payment of an obligation of the taxpayer is equivalent to the taxpayer's receipt of the income in the amount paid. See Old Colony Trust Co. v. Commissioner, 279 U.S. 716 (1929); Minor v. Commissioner, T.C. Memo. 1998-237. Where the transfer of funds at least partially discharges a legal obligation of the taxpayer, the transfer is equivalent to receipt by the taxpayer. See Helvering v. Horst, 311 U.S. 112, 116 (1940). The fact that the transfer is involuntary, such as by garnishment, has no significance. See Vorwald v. Commissioner, T.C. Memo. 1997-15 (taxpayer was required to include in income as a distribution from his IRA amounts transferred from his IRA to his former spouse in a garnishment proceeding).

Petitioner's wages were garnished to pay court ordered alimony and child support. The garnished funds were paid to satisfy a legal obligation owed by petitioner. Petitioner's gross wages are taxable to him regardless of whether he received the funds and then used them to pay his alimony and child support obligations or whether his employer paid the funds directly in satisfaction of petitioner's alimony and child support obligations. Thus, the amounts garnished from petitioner's wages during the 1995 and 1996 tax years are not excludable from petitioner's income.

Petitioner also argues that he was the victim of racial discrimination and denied due process during his divorce proceedings. Petitioner contends that he should not owe any tax liability on money that, in his view, was garnished in violation of his civil rights. This Court, however, lacks the jurisdiction to address petitioner's allegations regarding civil rights violations that may have occurred during his divorce proceedings in State court. Child and spousal support determinations are matters of local law, and we are not permitted to reassess the merits of those judgments. See, e.g., Blair v. Commissioner, 300 U.S. 5 (1937). Although petitioner may not agree with the State court ruling regarding his alimony and child support obligations, he has not shown a basis for excluding the garnished wages from his taxable income.

## II.  Deductions

Section 215 provides that an individual shall be allowed a deduction in an amount equal to the alimony or separate maintenance payments paid during the taxable year.  Petitioner paid alimony, as defined under section 71, in the amounts of $2,312.46 and $2,865.84 during 1995 and 1996, respectively. Respondent concedes that, assuming petitioner is required to include in income the amounts garnished to pay alimony, he is entitled to deduct those amounts paid as alimony.  Accordingly, petitioner is entitled to a deduction in the amount of $2,312.46 for 1995 and $2,865.84 for 1996.[4]

## III.  Additions to Tax

We now address whether petitioner is liable for additions to tax for (1) failure to file tax returns under section 6651(a)(1); (2) failure to make timely payment of taxes under section 6651(a)(2);[5] and (3) failure by an individual to pay estimated income tax under section 6654.  Petitioner bears the burden of

---

[4] We note that payments made to support children do not qualify as alimony.  See sec. 71(c); sec. 1.71-1T(c), Income Tax Regs., 49 Fed. Reg. 34456 (Aug. 31, 1984).  Accordingly, petitioner is not entitled to a deduction in 1995 or 1996 for amounts paid for child support.

[5] In his brief, respondent states that the sec. 6651(a)(2) addition to tax for 1995 was erroneously included in the notice of deficiency and concedes that there is no addition to tax under this section for the 1995 tax year.  Respondent is relying on sec. 6651(g), which is effective for returns with a due date after July 30, 1996.  Accordingly, the sec. 6651(a)(2) addition to tax is at issue only with regard to the 1996 tax year.

proving respondent's determination is in error.  See Rule 142(a).

A.  <u>Additions to Tax Under Section 6651(a)(1) and (2)</u>

Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25 percent.  Section 6651(a)(2) provides for an addition to tax of .5 percent per month up to 25 percent for failure to pay the amount shown or required to be shown on a return.  A taxpayer may be subject to both section 6651(a)(1) and (2), in which case the amount of the addition to tax under section 6651(a)(1) is reduced by the amount of the addition to tax under section 6651(a)(2) for any month to which an addition to tax applies under both paragraphs (1) and (2).  The combined amounts under paragraphs (1) and (2) cannot exceed 5 percent per month.  See sec. 6651(c)(1).

To avoid the additions to tax for filing late returns, a taxpayer bears the burden of proving both (1) that the failure to file did not result from willful neglect, and (2) that the failure to file was due to reasonable cause.  See <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).  If the taxpayer does not meet this burden, the imposition of the addition to tax is mandatory.  See <u>Heman v. Commissioner</u>, 32 T.C. 479 (1959), affd. 283 F.2d 227 (8th Cir. 1960).  Petitioner admits that he failed

to file his 1995 and 1996 income tax returns but has presented no evidence as to why he should not be liable for the addition to tax for failure to file.  Petitioner has also failed to show that his failure to pay was due to reasonable cause.  Cf. Estate of La Meres v. Commissioner, 98 T.C. 294, 324-326 (1992).  Accordingly, we sustain the determinations of respondent with respect to the section 6651(a)(1) and (2) additions to tax, taking into account respondent's concession regarding the section 6651(a)(2) determination for the 1995 tax year.

    B.    Additions to Tax Under Section 6654

Section 6654 requires the imposition of an addition to tax in the case of any underpayment of estimated tax by an individual.  See Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960).  This addition to tax is mandatory absent a showing by the taxpayer that one of the statutorily provided exceptions applies.  See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Petitioner introduced no evidence as to the applicability of any such exceptions, and, accordingly, we sustain respondent's determinations with respect to section 6654.

We have considered all other arguments advanced by the parties, and to the extent that we have not addressed these arguments, we consider them irrelevant, moot, or without merit.

To reflect the foregoing and concessions of the parties,

Decision will be entered

under Rule 155.