T.C. Memo. 2005-145

UNITED STATES TAX COURT

DALE J. KROHN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7412-04.                    Filed June 20, 2005.

Dale J. Krohn, pro se.

<u>Chris J. Sheldon</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax of $4,695 for 2001 and additions
to tax of $1,056.38 for failure to file under section 6651(a)(1),
$422.55 for failure to pay under section 6651(a)(2), and $185.80
for failure to pay estimated tax under section 6654.  In the
answer, respondent conceded that petitioner is not liable for the

addition to tax under section 6651(a)(2) for 2001. Respondent now contends that the correct amount of the addition to tax under section 6651(a)(1) for 2001 is $1,173.75.

The issues for decision are:

1. Whether petitioner is liable for a $4,695 deficiency in Federal income tax for 2001. We hold that he is.

2. Whether petitioner is liable for the addition to tax for failure to file under section 6651(a)(1) of $1,173.75 for 2001. We hold that he is.

3. Whether petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654(a) of $185.79 for 2001. We hold that he is.

FINDINGS OF FACT

Petitioner resided in Arizona when he filed his petition.

In 2001, petitioner received Social Security benefits in the amounts of $13,572, and compensation in the amounts of $10,269 from Paul Development, Inc., $1,962 from Wendell Builders, Inc., and $1,222 from Walker Custom Homes, Inc. None of these payors withheld Federal income tax for petitioner in 2001.

Petitioner did not file a Federal income tax return for 2001. He did not make estimated tax payments for 2001.

Respondent determined that petitioner received taxable income based on documents provided by third-party payors and sent a notice of deficiency to petitioner. Petitioner timely filed a

petition with this Court.  Petitioner did not cooperate with respondent in preparing for trial.

Before trial, petitioner asserted that he had a right not to testify because to do so would have required him to waive his Fifth Amendment privilege against self-incrimination.  Petitioner did not identify or exchange any documents, identify witnesses, or file a pretrial memorandum as required by the standing pretrial order.  Respondent complied with these requirements.

OPINION

A.   Burdens of Production and Proof

   1.   Burden of Production

      a.   Section 6201(d)

If a taxpayer asserts a reasonable dispute with respect to any item of income reported on a third-party information return and the taxpayer has fully cooperated with the Secretary, the Secretary has the burden of producing reasonable and probative information concerning that deficiency in addition to the information return.  Sec. 6201(d).

Petitioner did not introduce any evidence to refute respondent's evidence or show that respondent's determination of petitioner's income is in error.  We conclude that respondent does not have the burden of production under section 6201(d) because petitioner did not assert a reasonable dispute with respect to any item of income reported on an information return

and petitioner has not fully cooperated with respondent.  Even if respondent had the burden of proceeding under section 6201(d), respondent met that burden by producing information returns with certified transcripts from respondent's administrative files and from Social Security Administration files and declarations and supporting records from Robert Curtis Pankow, president of Wendell Builders, Inc., Craig Douglas Walker, president of Walker Custom Homes, Inc., and Paul Brian Walker, president of Paul Development, Inc.  The declarations were made under penalties of perjury and are governed by 28 U.S.C. section 1746 (2000).  The declarations at issue are in the form required by 28 U.S.C. section 1746 (2000).

The declarations are admissible under rules 803(6) and 902(11) of the Federal Rules of Evidence.  Rule 803(6) of the Federal Rules of Evidence provides an exception to the hearsay rule for records that are kept in the course of a regularly conducted activity and made at or near the time of the event by a person with knowledge.  Rule 902(11) of the Federal Rules of Evidence states the requirements for self-authentication of a business record.  To qualify under Rule 902(11), a domestic record of a regularly conducted business activity must be accompanied by a declaration certifying that the record (1) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with

knowledge of those matters; (2) was kept in the course of the regularly conducted activity; and (3) was made by the regularly conducted activity as a regular practice. All of the underlying documents were kept in the regular course of business, and the related declarations of the validity of these documents were made by people familiar with them.

We conclude that section 6201(d) does not apply in this case.

b.    Determination in Unreported Income Cases

The U.S. Court of Appeals for the Ninth Circuit (to which an appeal of this case would lie) has held that in order for the presumption of correctness to attach to the notice of deficiency in unreported income cases, the Commissioner must establish "some evidentiary foundation linking the taxpayer" to the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or some substantive evidence "demonstrating that the taxpayer received unreported income", Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982); see also Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985). Once there is evidence of actual receipt of funds by the taxpayer, the taxpayer has the burden of proving that all or part of those funds is not taxable. Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986).

There is ample evidence linking petitioner to income-producing activities.  He received nonemployee compensation from Wendell Builders, Inc., Walker Custom Homes, and Paul Development, Inc., and Social Security benefits.  At trial, respondent submitted Forms 1099-MISC, Miscellaneous Income, a certified transcript from the Social Security Administration, nonemployee compensation payor records, and declarations under penalties of perjury of those payors as to the validity of these underlying documents.  The transcripts, declarations, and supporting documents show that petitioner received income during the years in issue.  Thus, petitioner bears the burden of proving respondent's determinations are in error.  See Edwards v. Commissioner, supra; Weimerskirch v. Commissioner, supra.

2.   Burden of Proof

Respondent bears the burden of proving the increased addition to tax raised in the pleadings.  See Rule 142(a).  This increase is computational.

Petitioner contends that respondent generally bears the burden of proof.  We disagree.  The burden of proof for a factual issue relating to liability for tax may shift to the Commissioner under certain circumstances.  Sec. 7491(a).  Under section 7491(a), the burden of proof with respect to a factual issue relevant to a taxpayer's liability for tax shifts from the taxpayer to the Commissioner if, inter alia, the taxpayer has:

(a) Complied with substantiation requirements under the Internal Revenue Code, sec. 7491(a)(2)(A); (b) maintained all records required by the Internal Revenue Code, sec. 7491(a)(2)(B); and (c) cooperated with reasonable requests by the Secretary for information, documents, and meetings, id. A taxpayer bears the burden of proving that he or she has met the requirements of section 7491(a). See H. Conf. Rept. 105-599, at 239 (1998), 1998-3 C.B. 747, 993; S. Rept. 105-174, at 45 (1998), 1998-3 C.B. 537, 581. Petitioner does not contend that he meets the requirements of section 7491(a), and the record shows that he did not meet those requirements because he did not cooperate with respondent. Thus, petitioner bears the burden of proof except as to the increased addition to tax. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

3. Whether Petitioner's Fifth Amendment Claims Affect the Burden of Proof

Before trial, petitioner asserted Fifth Amendment rights against self-incrimination. However, even if petitioner's claim was bona fide (which we need not decide), it would have no effect on petitioner's burden of proof. See United States v. Rylander, 460 U.S. 752, 758 (1983); Petzoldt v. Commissioner, 92 T.C. 661, 684-685 (1989); Traficant v. Commissioner, 89 T.C. 501, 504 (1987), affd. 884 F.2d 258 (6th Cir. 1989).

B.    <u>Petitioner's Income in 2001</u>

Petitioner has not shown that respondent's determination relating to the amount of his income for 2001 is incorrect. We conclude that petitioner received income as described in the findings of fact.

C.    <u>Petitioner's Deductions</u>

A taxpayer must keep records that are sufficient to enable the Commissioner to determine his or her tax liability.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Deductions are a matter of legislative grace.  <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992).  A taxpayer must substantiate the payments which give rise to claimed deductions.  <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); see sec. 6001.

Petitioner alleged in the petition that he is entitled to claim deductions.  However, petitioner has not identified the items that he contends are deductible or offered any evidence supporting his claim.  Thus, he may not deduct any amount for 2001.  We conclude that petitioner's deficiency in income tax for 2001 was $4,695.

D.    <u>Additions to Tax</u>

Section 7491(c) places on the Commissioner the burden of producing evidence that it is appropriate to impose additions to tax.  To meet the burden of production under section 7491(c), the

Commissioner must produce evidence showing that it is appropriate to impose the particular addition to tax but need not produce evidence relating to defenses such as reasonable cause or substantial authority.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001); H. Conf. Rept. 105-599, supra at 241, 1998-3 C.B. at 995.

Petitioner is required to file a return for 2001 but has not done so.  He did not make estimated tax payments with respect to his tax liability for 2001.  Thus, respondent has met the burden of production.

Respondent conceded that petitioner is not liable for the addition to tax under section 6651(a)(2) for 2001.  Thus, section 6651(c)(1) (reducing the amount imposed by section 6651(a)(1) to 4.5 percent for any month in which both section 6651(a)(1) and (2) additions are imposed) does not apply and the 5-percent rate does.  Respondent has established that petitioner is liable for the addition to tax under section 6651(a)(1) for 2001 in an amount greater than respondent determined in the notice of deficiency.  We conclude that petitioner is liable for additions to tax for failure to file under section 6651(a)(1) of $1,173.75 and failure to pay estimated tax under section 6654 of $185.79 for 2001.

To reflect the foregoing,

Decision will be entered for respondent.