T.C. Summary Opinion 2006-109

UNITED STATES TAX COURT

TUNJI AND CHRISTINA MABINUORI, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21877-04S.                    Filed 17 July 2006.

Tunji and Christina Mabinuori, pro sese.

Wesley F. McNamara, for respondent.

PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $2,263 deficiency in petitioners' Federal income tax for 2002 and a $453 accuracy-related penalty under section 6662(a).  After concessions by the parties,[1] the issues for decision are:  (1) Whether petitioners' gross income includes $15 of wage income from Farmers Insurance Group (Farmers); (2) whether petitioners' gross income includes $3,845 of self-employment income from Metropolitan Property and Casualty Insurance Company (MetLife); and (3) whether petitioners are liable for an accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated, and they are so found.  The stipulation of facts and the supplemental stipulation of facts with attached exhibits are incorporated herein by this reference.  Petitioners Tunji Mabinuori (Mr. Mabinuori) and Christina Mabinuori (Mrs. Mabinuori) are married and resided in Springfield, Oregon, when their petition was filed.  Unless otherwise indicated, all references to petitioner are to Mr. Mabinuori.

1.  Petitioner's Involvement With Farmers

---

[1] Petitioners concede they received and failed to report a $1,844 State income tax refund.  Petitioners assert in the petition that they are entitled to deductions for "business mileage" that were not claimed on their 2002 joint Federal income tax return; however, petitioners did not pursue this argument at trial, and we therefore consider the argument abandoned.  See Nicklaus v. Commissioner, 117 T.C. 117, 120 n.4 (2001); Korchak v. Commissioner, T.C. Memo. 2005-244 n.6.  For convenience, we address the parties' additional concessions infra.  Adjustments not addressed herein are computational.

Petitioner sold insurance successfully for many years. From December 1997 to December 1999, petitioner worked for Farmers. During his employment, Farmers advanced funds to petitioner to help him establish a business office. When his employment ended, Farmers concluded petitioner was required to repay the advanced funds. Farmers recorded an account receivable from petitioner on its books and sent him letters demanding repayment of the advances. Farmers calculated that, as of January 2002, petitioner owed the company $16,644.74.

For the taxable year 2002, Farmers issued petitioner a Form 1099-MISC, Miscellaneous Income, reporting $666.69 of nonemployee compensation. Petitioners did not receive payment, however, because Farmers applied the $666.69 towards the aforementioned account receivable. Petitioners did not report the $666.69 on their tax return. Respondent initially determined that the entire amount was includable in petitioners' gross income, but now concedes all but $15 of this adjustment. The parties stipulated that the $15 represents commission income.

2.   Petitioner's Involvement With MetLife

In or about July 2002, petitioner entered into a Special Agent Auxiliary Agreement (the agreement) with MetLife. The agreement provided that petitioner would work as an independent contractor for MetLife for a 10-to-14 week training period. After that time, MetLife would either terminate the relationship or offer petitioner permanent employment. Petitioner completed

the training period ahead of schedule and became a MetLife employee on August 26, 2002.

During the training period, petitioner received payments totaling $2,160 from MetLife. He received an additional payment of $3,845 in September 2002. Petitioner acknowledges receiving these payments. MetLife's business records indicate the payments represent petitioner's earnings during the training period.

For the taxable year 2002, MetLife issued petitioner both a Form 1099-MISC, and a Form W-2, Wage and Tax Statement. A letter from a MetLife attorney explains that the Form 1099-MISC represents petitioner's earnings as an independent contractor during the training period, whereas the Form W-2 represents petitioner's wage income after he became a MetLife employee. The Form 1099-MISC reports nonemployee compensation of $6,005, representing the sum of the $2,160 and $3,845 payments. The Form W-2 reports wage income of $12,764, which is not in dispute.

Petitioners did not receive the Form 1099-MISC or report the $6,005 as income. The Form 1099-MISC lists an address in Salem, Oregon, where petitioners lived during the training period. Petitioners did receive the Form W-2, which lists an address in Springfield, Oregon, where petitioners lived when they filed their 2002 tax return. Petitioners attached the Form W-2 to their tax return. They also attached Forms W-2 from three other payors, each of which lists the address in Springfield, Oregon.

After petitioner received respondent's notice of deficiency,

he contacted MetLife to question the accuracy of the $6,005 figure. Petitioner spoke to a number of MetLife employees, but MetLife did not provide a copy of the Form 1099-MISC or other relevant information until respondent served MetLife with a subpoena before trial.

Discussion

1. <u>Income From Farmers</u>

Gross income includes all income from whatever source derived unless excluded by a specific provision of the Internal Revenue Code. Sec. 61(a). A taxpayer generally must report income for the taxable year when actually or constructively received. Sec. 1.451-1(a), Income Tax Regs.

In general, the taxpayer bears the burden of proving the Commissioner's determination is erroneous. See sec. 7491(a);[2] Rule 142(a). When the Commissioner determines that a taxpayer received unreported income, however, the Commissioner must establish "'some evidentiary foundation linking the taxpayer'" to the income-producing activity or introduce substantive evidence "'demonstrating that the taxpayer received unreported income'". <u>Krohn v. Commissioner</u>, T.C. Memo. 2005-145 (quoting <u>Weimerskirch</u>

---

[2] Sec. 7491 does not shift the burden of proof to respondent because petitioners have neither alleged that sec. 7491 is applicable nor established that they complied with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain required records, and fully cooperate with respondent's reasonable requests.

v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), and Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982)).  The Commissioner need only provide a minimal showing that the taxpayer failed to report income.  See Palmer v. IRS, 116 F.3d 1309, 1312-1313 (9th Cir. 1997).  Once the Commissioner provides the necessary evidentiary showing, the taxpayer bears the burden of proving that the notice of deficiency is arbitrary or erroneous.  See Cohen v. Commissioner, T.C. Memo. 2001-249.

Petitioner formerly worked for Farmers.  Although his employment ended in 1999, petitioner testified that an insurance salesman can earn commissions in later years based on renewals of policies sold in earlier years.  At trial, petitioner appeared to acknowledge that Farmers owed him such commissions.  We conclude that respondent has established the necessary evidentiary foundation linking petitioner to the income-producing activity.  Petitioner therefore bears the burden of proving that the notice of deficiency is erroneous.  Id.  To attempt to meet this burden, petitioner argues the $15 is not includable in gross income because Farmers used that amount to offset the debt he reputedly owed the company.

Income is taxed to the taxpayer who earns it.  Commissioner v. Culbertson, 337 U.S. 733, 739-740 (1949); Sparkman v. Commissioner, T.C. Memo. 2005-136.  Lack of control over the income earned does not justify its exclusion from gross income if

the earnings are used to pay an obligation of the taxpayer. See Tucker v. Commissioner, 69 T.C. 675, 678 (1978); Chambers v. Commissioner, T.C. Memo. 2000-218, affd. 17 Fed. Appx. 688 (9th Cir. 2001); sec. 1.61-12(a), Income Tax Regs. A third party's payment of an obligation of the taxpayer is equivalent to the taxpayer's receipt of the income in the amount paid. See Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 729-730 (1929); Minor v. Commissioner, T.C. Memo. 1998-237. Where the transfer of funds at least partially discharges a legal obligation of the taxpayer, the transfer is equivalent to receipt by the taxpayer. See Helvering v. Horst, 311 U.S. 112, 116 (1940); Chambers v. Commissioner, supra. The fact that the transfer is involuntary, such as by garnishment, has no significance. Chambers v. Commissioner, supra; Vorwald v. Commissioner, T.C. Memo. 1997-15. Thus, the $15 is includable in petitioners' gross income.

Petitioner appears to argue that the above rule is inapplicable because Farmers eventually acknowledged that petitioner did not owe the company any money. Thus, petitioner contends, the $15 did not discharge a legal obligation but instead was wrongfully withheld. Petitioner did not introduce credible evidence to support this contention, however, nor did he otherwise demonstrate the $15 is excludable from gross income. Accordingly, petitioner has failed to prove that respondent's determination is erroneous. We therefore conclude the $15 is includable in petitioners' gross income.

2.   Income From MetLife

Petitioner does not dispute that he received $6,005 from MetLife.  Furthermore, he concedes the $2,160 he received during the training period is self-employment income.  With respect to the remaining $3,845, however, he contends this amount does not represent earnings from the training period.  Petitioner believes the $3,845 was reimbursement for the cost of establishing a business office and, therefore, is excludable from gross income. In the alternative, petitioner appears to contend that even if the $3,845 is includable in gross income, it is wage income rather than self-employment income because he received payment after he became an employee.

Under some circumstances, an employee's gross income does not include amounts received from his employer for reimbursement of business expenses.  See, e.g., Biehl v. Commissioner, 118 T.C. 467, 473-474 (2002), affd. 351 F.3d 982 (9th Cir. 2003); Anaheim Paper Mill Supplies, Inc. v. Commissioner, T.C. Memo. 1978-86; sec. 1.162-17(b) and (c), Income Tax Regs.  In this case, however, petitioner has failed to establish that the $3,845 was reimbursement for business expenses.  To the contrary, MetLife's business records indicate the $3,845 was income that petitioner earned during the training period.  To refute these documents, petitioner offers only his uncorroborated testimony that one or more MetLife employees told him the $3,845 was for office startup expenses.  His testimony alone, however, does not overcome the

documentary evidence. We therefore conclude that the $3,845 represents compensation earned during the training period.

Section 1401 imposes a tax on self-employment income of every individual for old age, survivors, and disability insurance, and for hospital insurance. Sec. 1401(a) and (b); Schelble v. Commissioner, 130 F.3d 1388, 1391 (10th Cir. 1997), affg. T.C. Memo. 1996-269. Self-employment income is "the net earnings from self-employment derived by an individual" during the taxable year. Sec. 1402(b). The earnings of an insurance agent who is an independent contractor generally are self-employment income subject to self-employment tax. Schelble v. Commissioner, supra; Simpson v. Commissioner, 64 T.C. 974, 983-987 (1975); Erickson v. Commissioner, T.C. Memo. 1992-585, affd. without published opinion 1 F.3d 1231 (1st Cir. 1993).

Petitioner does not dispute that he was an independent contractor during his training period with MetLife. Accordingly, any income petitioner earned during that time is subject to self-employment tax. Although petitioner did not receive the $3,845 until after he became an employee of MetLife, the income was derived from self-employment. See sec. 1402(b). Accordingly, the $6,005 is subject to self-employment tax.

3. <u>Whether Petitioners Are Liable for an Accuracy-Related Penalty Under Section 6662</u>

Respondent asserted an accuracy-related penalty against petitioners as to each adjustment in the notice of deficiency.

Respondent now concedes that petitioners are not liable for the penalty with respect to the $15 from Farmers. Respondent therefore asserts the penalty only with respect to the unreported State income tax refund, see supra note 1, and the unreported self-employment income from MetLife.

Section 6662(a) provides in relevant part that a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). The term "disregard" includes any careless, reckless, or intentional disregard. Id. Respondent has the burden of production with respect to the accuracy-related penalty. See sec. 7491(c).

An exception to the section 6662 penalty applies when the taxpayer demonstrates: (1) There was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances on a case-by-case basis. See Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of

all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, supra; sec. 1.6664-4(b)(1), Income Tax Regs.

With respect to the unreported State income tax refund, petitioners acknowledge receipt of this income and that it was "mistakenly" omitted from their 2002 tax return. Petitioners did not attempt to explain the reason for the omission. We conclude that respondent has met his burden of production and that petitioners have not shown reasonable cause for their failure to report this item.

With respect to the self-employment income, petitioners did not receive the Form 1099-MISC, which was sent to their former address. We have held that failure to receive a Form 1099-MISC does not necessarily constitute reasonable cause for failure to report income. See Goode v. Commissioner, T.C. Memo. 2006-48; Brunsman v. Commissioner, T.C. Memo. 2003-291 (taxpayer "did not need to receive a Form 1099-MISC to be alerted to the fact that he received compensation from * * * [a third party] for his services."). In this case, however, we find it significant that petitioners received a Form W-2 from MetLife. Petitioners may not have understood the distinction between wage income and self-employment income; i.e., that they should have received a Form

1099-MISC for the earnings during the training period.  Thus, petitioners could have reasonably concluded the Form W-2 reported the entire earnings from MetLife in 2002.  It is arguable that petitioners should have noticed their gross income was understated by $6,005.  However, petitioners believed that a significant portion of this amount was reimbursement for office expenses and, therefore, excludable from gross income.  The facts present a close question, but viewing the record as a whole, we conclude that petitioners have demonstrated reasonable cause for failing to report the self-employment income and that they acted in good faith.  See sec. 6664(c).  Accordingly, they are not liable for the accuracy-related penalty with respect to this adjustment.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.