T.C. Memo. 2009-172


UNITED STATES TAX COURT


JOHN J. MCGOWAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 12006-08, 12007-08,    Filed July 20, 2009.
              12008-08, 12009-08.


John J. McGowan, pro se.

<u>Michael T. Sargent</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  In these consolidated cases,[1] respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income taxes for years 2002-05:

--------

[1]These cases were consolidated by Order dated Jan. 5, 2009.

Additions to Tax

| Year | Tax | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|------|-----|-----------------|-----------------|-----------|
| 2002 | $2,625.00 | $590.63 | $656.25 | $87.73 |
| 2003 | 9,825.60 | 1,698.44 | 1,698.44 | 190.92 |
| 2004 | 8,007.00 | 1,801.58 | 1,321.16 | 232.38 |
| 2005 | 6,459.00 | 1,453.28 | 259.05 | 678.20 |

The issues for decision are: (1) Whether respondent correctly determined petitioner's income for years 2002-05, (2) the amounts, if any, of business expenses (automobile mileage expenses and unreimbursed meal expenses) petitioner may deduct for years 2002-04, and (3) whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654 for years 2002-05.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Petitioner resided in Connecticut at the time the petitions in these consolidated cases were filed.

Petitioner failed to file tax returns for 2002-05. Consequently, pursuant to the provisions of section 6020(b), respondent prepared substitutes for returns for petitioner for

each of these years that were based on information provided by third-party payors, as follows:

### 2002

| Payor | Form | Amount |
|-------|------|--------|
| Servco Oil | W-2 | $6,340 |
| Servco Oil | W-2 | 16,167 |
| William J. Loosemore, Jr. | 1099-MISC | 2,097 |

### 2003

| Payor | Form | Amount |
|-------|------|--------|
| Servco Oil | W-2 | $11,699 |
| St. of Conn. Dept. of Labor | 1099-G | [1]15,483 |
| Safe-Way Pilot Car Service | 1099-MISC | 11,203 |
| Servco Oil Sec. 401(k) Plan | 1099-R | 11,386 |

### 2004

| Payor | Form | Amount |
|-------|------|--------|
| Standard Oil of Conn. | W-2 | $36,848 |
| St. of Conn. Dept. of Labor | 1099-G | [1]3,093 |
| Safe-Way Pilot Car Service | 1099-MISC | 8,764 |

### 2005

| Payor | Form | Amount |
|-------|------|--------|
| Standard Oil of Conn. | W-2 | $47,357 |

[1]These payments were for unemployment compensation.

Petitioner worked for Servco Oil and Standard Oil of Connecticut as a truck driver. In addition, he worked for William J. Loosemore, Jr., and Safe-Way Pilot Car Service (Safe-

Way)[2] as a pilot vehicle escort for wide and/or oversize load trucks. In performing this task he used his own automobile. The business logs provided by William J. Loosemore, Jr., show the number of miles petitioner drove his automobile as a pilot vehicle escort to be as follows:

| Year | Miles |
|------|-------|
| 2002 | 2,206 |
| 2003 | 11,702 |
| 2004 | 7,937 |

Petitioner received income of $38,727 in 2001 from Servco Oil; he failed to file a return for that year. The record does not indicate whether respondent prepared a substitute for return for petitioner for 2001.

OPINION

A. Respondent's Determination of Petitioner's Income for Years 2002-05

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving error.[3] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The Commissioner has the burden of producing evidence appropriate to impose a relevant penalty,

---

[2]William J. Loosemore, Jr., was the owner of Safe-Way Pilot Car Service.

[3]Sec. 7491(a)(1) (which shifts the burden of proof to respondent) does not apply in the instant case because petitioner did not introduce credible evidence or comply with the substantiation and record keeping requirements of sec. 7491(a)(2).

addition to tax, or additional amount.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

The parties stipulated that during years 2002-05 petitioner received payments from Servco Oil, the Servco Oil Section 401(k) plan, Standard Oil of Connecticut, William J. Loosemore, Jr., Safe-Way, and the State of Connecticut Department of Labor. Petitioner, however, denies the accuracy of the amounts set forth on the Forms W-2, Wage and Tax Statement, 1099-MISC, Miscelleneous Income, 1099-R, Distributions From Pensions, Annuities, Retirement, or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., and 1099-G, Certain Government Payments, provided to respondent.

Section 6020(b) provides that when preparing a substitute for return, the Secretary shall make such return from his own knowledge and from such other information as he can obtain through testimony or otherwise.  Respondent may rely on Forms W-2, 1099-MISC, 1099-R, and 1099-G from third-party payors when determining a taxpayer's tax liability.  See, e.g., Cabirac v. Commissioner, 120 T.C. 163, 167 (2003); Spurlock v. Commissioner, T.C. Memo. 2003-124.  However, if in a court proceeding a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary, and if the taxpayer has fully cooperated with the Secretary, the Secretary has the burden of producing reasonable

and probative information concerning the deficiency in addition to such information return.  See sec. 6201(d).

Petitioner admits that he does not know the amount of income he received from his employers even as he denies the accuracy of the information returns provided to respondent.  We do not find petitioner's assertion sufficient to constitute a "reasonable dispute" as referred to in section 6201(d).  See White v. Commissioner, T.C. Memo. 1997-459.  Thus, respondent's income determinations for all years in issue enjoy a presumption of correctness, and consequently we sustain respondent's income determinations.

B.  Petitioner's Business Expense Deductions for 2002-04

Petitioner argues that respondent's deficiency determinations are incorrect because they do not take into account mileage deductions and deductions for unreimbursed meal expenses arising from petitioner's work as a pilot vehicle escort for Safe-Way and William J. Loosemore, Jr.  At trial petitioner introduced a document he had prepared in connection with the trial of these cases which indicated petitioner (1) drove 5,002 miles and worked 20 days in 2002, (2) drove 24,040 miles and worked 85 days in 2003, and (3) drove 16,472 miles and worked 60 days in 2004.[4]  Petitioner asserts that he is entitled to a

---

[4]The document states that "all numbers are approximate due to the inability [of petitioner] to verify accuracy."

deduction equal to the standard milage rate allowed by the Internal Revenue Service (IRS) and a deduction equal to the IRS' per diem allowance for meals for each day he drove his automobile as a pilot vehicle escort.

Deductions are a matter of legislative grace and are allowable only as specifically provided by statute. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Joseph v. Commissioner, T.C. Memo. 2005-169. Taxpayers bear the burden of proving that they are entitled to any deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Singh v. Commissioner, T.C. Memo. 2009-36.

Because automobiles are "listed property" as defined in section 280F(d)(4)(A), automobile expenses otherwise deductible are not allowed unless the taxpayer meets strict substantiation requirements. See sec. 274(d); Larson v. Commissioner, T.C. Memo. 2008-187. Specifically, the taxpayer must substantiate the claimed automobile expenses by adequate records or other corroborating evidence showing the amount of the expense, the time and place of the automobile's use, and the business purpose of its use. See sec. 274(d); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

To satisfy the adequate records requirement of section 274(d), a taxpayer must maintain records and documentary evidence

that in combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Although a contemporaneous log is not required, "corroborative evidence to support a taxpayer's reconstruction 'of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement' to the level of credibility of a contemporaneous record." Larson v. Commissioner, supra (quoting section 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985)).

In the absence of adequate records to substantiate each element of an expense, a taxpayer may alternatively establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element", and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

The Court may not approximate a taxpayer's mileage claim. Section 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985), states that the substantiation requirements of section 274(d) supersede the doctrine founded in Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), which otherwise permits the Court to approximate a taxpayer's claim to an allowable expense in cases where the evidence indicates a

taxpayer incurred deductible travel expenses but the exact amount could not be determined. Moreover, section 1.274-5T(a), Temporary Income Tax Regs., supra, states that section 274(d) "contemplates that no deduction or credit shall be allowed a taxpayer on the basis of such approximations or unsupported testimony of the taxpayer."

Before trial petitioner did not provide respondent with any documents, records, or information to substantiate any itemized deductions and/or business-related expenses to which he may be entitled for 2002-05. And at trial petitioner admitted that the document he introduced contained approximate mileage for 2002-04 and was not a contemporaneous log of his Safe-Way mileage but rather was generated in preparation for trial. We found this document lacking in probative value and credibility.

By way of contrast, petitioner's employer, Safe-Way, provided contemporaneous records relating to petitioner's employment as a pilot vehicle driver during 2002-04. These records were created and maintained by Safe-Way in its regular course of business.

We judge Safe-Way's records to be of sufficient probative value to satisfy the substantiation requirements of section 274(d). Therefore, using these records, we hold that petitioner is entitled to a deduction for mileage as follows:

| Year | Miles |
|------|-------|
| 2002 | 2,206 |
| 2003 | 11,702 |
| 2004 | 7,937 |

Section 1.274-5(g)(1), Income Tax Regs., provides that the Commissioner may prescribe (in pronouncements of general applicability) a standard mileage rate that a taxpayer may use to determine a deduction with respect to the business use of a passenger automobile. Such rate is set forth in a revenue procedure published by the IRS each year. For 2002 the rate is 36.5 cents per mile;[5] for 2003 the rate is 36 cents per mile;[6] and for 2004 the rate is 37.5 cents per mile.[7]

Petitioner also claims entitlement to a deduction for unreimbursed meal expenses incurred while driving his automobile as a pilot vehicle escort. Generally, in order to claim a deduction under section 162(a)(2), a taxpayer must substantiate the amount of the expense claimed. See sec. 1.162-17, Income Tax Regs. However, section 1.274-5(g)(1), Income Tax Regs., provides that the Commissioner may prescribe (in pronouncements of general applicability) rules under which standard allowances for certain expenses will, if such expenses are in accord with reasonable business practice, be regarded as equivalent to substantiation by

[5]Rev. Proc. 2001-54, sec. 5.01, 2001-2 C.B. 530, 531.

[6]Rev. Proc. 2002-61, sec. 5.01, 2002-2 C.B. 616, 618.

[7]Rev. Proc. 2003-76, sec. 5.01, 2003-2 C.B. 924, 925.

adequate records or other sufficient evidence. Section 1.274-5(g)(2)(ii), Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985), provides that such an allowance includes per diem expenses (e.g., meals).

The Commissioner yearly publishes revenue procedures that provide amounts that individuals may use, in lieu of actual expenses, to compute the amount allowable as a deduction for ordinary and necessary business meal and incidental expenses paid or incurred for travel away from home. These amounts are deemed substantiated for purposes of section 1.274-5T(b)(2) and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985), provided the individual substantiates the elements of time, place, and business purpose of the travel expense.[8] Thus, pursuant to relevant revenue procedures, petitioner must still substantiate the time, place, and business purpose for his claimed away-from-home expenses. Although petitioner listed the approximate number of days he worked for Safe-Way on the document he presented at trial, he did not provide any information regarding the time, place or business purpose of the meals for which he claims an allowance. Accordingly, petitioner has not

---

[8]The revenue procedures in effect for the years at issue are: Rev. Proc. 2001-47, 2001-2 C.B. 332; Rev. Proc. 2002-63, 2002-2 C.B. 691; Rev. Proc. 2003-80, 2003-2 C.B. 1037; Rev. Proc. 2004-60, 2004-2 C.B. 682.

substantiated his meal expenses, and thus he is not entitled to a deduction for them.[9]

In sum, petitioner may deduct his mileage expenses for 2002-04, as determined <u>supra</u>. In all other respects, respondent's income tax determinations for the years at issue are sustained.

C.  <u>Additions to Tax Under Sections 6651(a)(1) and (2) and 6654(a)</u>

Respondent determined additions to tax under sections 6651(a)(1) and (2) and 6654(a) for 2002-05. Section 6651(a)(1) imposes an addition to tax for failure to file an income tax return by the time prescribed by law unless the taxpayer proves that such failure is due to reasonable cause and not willful neglect. See <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985). Petitioner did not file returns for 2002-05 by the time prescribed by law. When asked at trial whether he had reasonable cause for not filing, petitioner replied:  "Not within the confines of this court, no." We thus sustain respondent's imposition of the addition to tax under section 6651(a)(1).

---

[9]Petitioner stated that "just about all" of his trips for Safe-Way were 1-day trips. It is well established that in order to qualify for a meal expense deduction one must be away from home for a period normally requiring sleep or rest. Day trips do not qualify for the sec. 162(a)(2) deduction. See <u>United States v. Correll</u>, 389 U.S. 299 (1967); <u>Bissonnette v. Commissioner</u>, 127 T.C. 124, 132-133 (2006). Thus even had petitioner substantiated his meal expenses, he would not be entitled to a deduction as away-from-home expenses.

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on any return unless petitioner proves that the failure is due to reasonable clause and not due to willful neglect. Section 6651(a)(2) applies only in the case of an amount of tax shown on a return. <u>Burr v. Commissioner</u>, T.C. Memo. 2002-69, affd. 56 Fed. Appx. 150 (4th Cir. 2003). Pursuant to section 6651(g)(2), a substitute for return prepared under section 6020(b) is treated as a return filed by the taxpayer for returns due after July 30, 1996 (determined without regard to extensions).

Respondent prepared substitutes for returns for petitioner for 2002-05. Petitioner did not pay the calculated liabilities by the time prescribed by law; and when asked at the trial if he had reasonable cause for not paying, petitioner replied: "Same answer, your Honor [as he gave to the question about his failure to file]." When asked why should he not have to pay the tax and penalties, petitioner replied: "I'm trying to avoid frivolous arguments, your Honor. I'd like to take the Fifth Amendment for something like that." We thus sustain respondent's imposition of the addition to tax under section 6651(a)(2).

Section 6654(a) imposes an addition to tax on individual taxpayers who underpay their estimated income tax. Respondent asserts that petitioner is liable for the addition to tax for 2002-05. A taxpayer has an obligation to pay estimated tax for a

particular year if he has a "required annual payment" for that year.  Sec. 6654(d).  A "required annual payment" is generally equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or if no return is filed, 90 percent of his or her tax for the year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1); Wheeler v. Commissioner, 127 T.C. 200, 210-212 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Brennan v. Commissioner, T.C. Memo. 2009-77.  To show a required annual payment for 2002, respondent must show proof of petitioner's failure to file a return for 2001.  See Wheeler v. Commissioner, supra at 210-212; Brennan v. Commissioner, supra.

To satisfy his burden of production under section 7491(c), respondent introduced evidence showing that petitioner was required to file Federal income tax returns for 2002-05, that he failed to file returns, and that after taking into account income tax withheld from petitioner's salary, he did not make any other tax payments in the years at issue.  Respondent also established that petitioner failed to file a return for 2001.  We therefore hold that respondent has met his burden of production with regard to the additions to tax under section 6654(a).

Petitioner offered no evidence to refute respondent's evidence.  Nor has petitioner established a credible defense to

respondent's determination that petitioner is liable for the section 6654 addition to tax.  Consequently, respondent's imposition of the addition to tax under section 6654(a) for 2002-05 is sustained.

All of petitioner's arguments have been considered.  To the extent not discussed herein, we find them to be groundless and/or without merit.

To reflect the foregoing,

Decisions will be entered

under Rule 155.