T.C. Memo. 2009-36

UNITED STATES TAX COURT

SUKHJIT SINGH AND PEGGY A. SINGH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21940-07.                    Filed February 12, 2009.

Sukhjit Singh, pro se.

<u>Kathleen Raup</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $7,990
with respect to the 2004 Federal income tax liability of Sukhjit
Singh (petitioner) and Peggy A. Singh.  The issue for decision is
whether petitioners are entitled to a section 179 deduction.
Unless otherwise indicated, all section references are to the
Internal Revenue Code in effect for the year in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Sukhjit Singh resided in Pennsylvania and Peggy A. Singh resided in Louisiana at the time their petition was filed. Petitioner is the sole shareholder of B.T.S. Carrier, Inc. (B.T.S. Carrier), an S corporation. During 2004 petitioner conducted his trucking business through B.T.S. Carrier as the sole operator of a tractor trailer. On May 7, 2004, petitioner purchased a used 2001 BMW X5 sport utility vehicle (SUV) for $30,200.

During 2004 B.T.S. Carrier and/or petitioner contracted with Bestway Transport Co. (Bestway Transport), in Plymouth, Ohio, to deliver goods. Approximately twice per week petitioner followed a route that originated in Sandusky, Ohio, and, after stops in other States, terminated in Cleveland, Ohio. If there was a layover before undertaking the route again, petitioner would return to Bestway Transport, where he routinely left his SUV in the parking lot while making deliveries with the truck. Petitioner would then drive the SUV to his brother's home in Michigan, where he frequently stayed. Petitioner did not maintain a mileage log or other record of actual use for the SUV for business or other purposes. Petitioners claimed a section 179 deduction of the full $30,200 for the acquisition of the SUV

on Schedule C, Profit or Loss From Business, attached to their 2004 Federal income tax return.

OPINION

Petitioner contends that petitioners are entitled to a section 179 deduction for the SUV because it was used for business purposes. Respondent argues that the deduction is not permitted because petitioners have not substantiated the business purpose of the expense, have presented no evidence that the SUV was used in petitioner's business, and have not provided documentation to substantiate the business use.

Taxpayers bear the burden of proving that they are entitled to any deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Taxpayers are required to maintain records that are sufficient to determine their correct tax liability. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

When property is used in a trade or business or held for the production of income, the taxpayer may be allowed a depreciation deduction. Secs. 161, 167. Alternatively, the cost of property acquired by purchase for use in the active conduct of a trade or business may be expensed under section 179 during the year that the property was placed in service if the requirements of that section are satisfied. If the property is used for both business

and other purposes, then the portion of the cost that is attributable to the business use is eligible for expensing under section 179, but only if more than 50 percent of the use is for business purposes (the predominant use requirement). See sec. 1.179-1(d), Income Tax Regs. Moreover, to claim a section 179 deduction for "listed property", which is defined in section 280F(d)(4) to include property used as a means of transportation, the taxpayer must satisfy the strict substantiation requirements of section 274(d). See Whalley v. Commissioner, T.C. Memo. 1996-533; see also sec. 280F(d)(1); sec. 1.179-1(d)(3), Income Tax Regs. Section 274(d) requires the taxpayer to substantiate the amount, time, place, and business purpose of these expenditures and to provide adequate records or sufficient evidence to corroborate his own statement. See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner did not maintain a mileage log and did not provide relevant evidence for the Court to determine the SUV business use. Petitioner testified that he used the SUV to transport himself between his work and a residence. The costs of commuting between one's work and residence are personal expenses and do not qualify as deductible business expenses. Sec. 262; Fausner v. Commissioner, 413 U.S. 838, 839 (1973); sec. 1.262-1(b)(5), Income Tax Regs. The record contains no evidence from which we can determine the business mileage amount, if any, of

the SUV.  Petitioner has satisfied neither the section 274(d) substantiation requirements nor the predominant use requirement. Neither taxpayers nor the Court may estimate permissible deductions that do not satisfy the strict substantiation requirements of section 274(d).  See <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2d Cir. 1969). Petitioners are not entitled to the section 179 deduction claimed.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.