T.C. Summary Opinion 2011-7


UNITED STATES TAX COURT


GEORGE EDWARD EPPS III AND MICHELLE HAYNIE EPPS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20276-09S.          Filed January 25, 2011.


George Edward Epps III and Michelle Haynie Epps, pro sese.

Jeffrey R. Knight and Bradley C. Plovan, for respondent.


JACOBS, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $13,102 in petitioners' Federal income tax for 2006. The issue for decision is whether various expenditures reported on Schedule C, Profit or Loss From Business (namely automobile and entertainment expenses) with respect to George E. Epps III's (Mr. Epps) employment in 2006 are deductible. Petitioners concede that the expenditures reported on Schedule C, if deductible, are properly reportable on Schedule A, Itemized Deductions, as unreimbursed employee business expenses, subject to the 2-percent adjusted gross income limitation.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2006, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Maryland when the petition was filed.

During 2006 Mr. Epps was employed by CIT, a large consumer finance company, where he was an area sales manager responsible for the effective and efficient operation of his sales team. To accomplish his assigned tasks, Mr. Epps went "out in the field" two to three times a week, using his own automobile.

Mr. Epps had a reimbursable "area manager travel and expense" budget of $150 a month. CIT's job description for Mr. Epps' position stated that the area manager should "practice effective expense control by managing within * * * [the $150] established monthly budget". Mr. Epps admitted that during 2006 CIT reimbursed him for automobile and entertainment expenses associated with his job up to the $150 monthly limit.

On their 2006 Form 1040, U.S. Individual Income Tax Return, petitioners attached Schedule C on which they reported the following items:

| | |
|---|---:|
| Utilities | $3,000 |
| Office expenses | 3,500 |
| Interest--mortgage | 25,887 |
| Insurance (other than health) | 500 |
| Meals and entertainment | 212 |
| Travel | 2,364 |
| Car and truck expenses | 7,220 |
| Other expenses | 4,366 |

As stated supra p. 2, petitioners concede that these items are not deductible on Schedule C. Moreover, petitioners admit that the $25,887 of mortgage interest was deducted twice--once on Schedule A and once on Schedule C and that Mr. Epps did not incur travel expenses for his employer.

At trial petitioners introduced a mileage log with regard to Mr. Epps' purported business use of his automobile during 2006. The log contains, for each date of use, the automobile's starting odometer reading, its ending odometer reading, and the total miles driven. Mr. Epps admitted that he used his automobile for

both business and personal reasons.  The mileage log does not indicate the number of miles driven for business vis-a-vis the number of miles driven for personal use.

Petitioners also introduced a contract between Mr. Epps as purchaser and WFI Stadium, Inc. as seller for two club seat season tickets for the Washington Redskins 2006 football season. In addition, petitioners introduced a meals and entertainment expense ledger listing the date of eight Washington Redskins football games, the persons attending the game, the cost of the ticket claimed as a deduction ($454 for each game), and a column entitled "nature of benefit", which gave a vague description of the business relationship between Mr. Epps and the person attending the game, such as "lending fees", "mortgage funding", and "interest rate".  Mr. Epps admitted he did not attempt to obtain reimbursement for the cost of the season tickets from CIT. He further admitted that had he requested reimbursement, his request probably would have been denied.

Petitioners further introduced several receipts for meals at local restaurants.  No information as to the persons attending the functions or the business purposes behind the functions to which the receipts pertain was provided.

## Discussion

Deductions are a matter of legislative grace and are allowable only as specifically provided by statute.  See INDOPCO,

<u>Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Joseph v. Commissioner</u>, T.C. Memo. 2005-169.  Taxpayers bear the burden of proving that they are entitled to any deductions claimed.  <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934); <u>Singh v. Commissioner</u>, T.C. Memo. 2009-36;[1] see sec. 6001 (requiring the taxpayer to keep and produce adequate records so as to enable the Commissioner to determine the taxpayer's correct tax liability); <u>Hradesky v. Commissioner</u>, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  The performance of services as an employee constitutes a trade or business.  <u>O'Malley v. Commissioner</u>, 91 T.C. 352, 363-364 (1988); <u>Spielbauer v. Commissioner</u>, T.C. Memo. 1998-80.  An ordinary expense is one that is common and accepted in the particular business.  <u>Welch v. Helvering</u>, 290 U.S. 111, 113-114 (1933).  A necessary expense is one that is appropriate and helpful in carrying on the trade or business.  <u>Id.</u> at 113; <u>Heineman v. Commissioner</u>, 82 T.C. 538, 543 (1984).  An employee's trade or business is the earning of compensation, and generally

---

[1]Sec. 7491(a)(1) shifts the burden of proof to the Commissioner under certain circumstances.  Petitioners have neither alleged that this section applies nor established their compliance with the substantiation and recordkeeping requirements.  See sec. 7491(a)(2)(A) and (B).

only those expenses that relate to the continuation of his employment are deductible. <u>Noland v. Commissioner</u>, 269 F.2d 108, 111 (4th Cir. 1959), affg. T.C. Memo. 1958-60. In <u>Spielbauer v. Commissioner</u>, <u>supra</u>, we stated:

> If, as a condition of employment, an employee is required to incur expenses on behalf of his employer, the employee is entitled to a deduction for those expenses that are ordinary and necessary to his business as an employee to the extent such expenses are not subject to reimbursement. * * *

See <u>Schmidlapp v. Commissioner</u>, 96 F.2d 680 (2d Cir. 1938).

Respondent maintains that petitioners have not shown that the expenditures claimed as deductions were required or expected by CIT. According to respondent, since these expenses were not a condition of employment, they are not petitioners' ordinary and necessary expenses. We agree with respondent.

As noted <u>supra</u> p. 3, Mr. Epps' area office manager 2006 job description stated that as part of his "Territory & Relationship Management" responsibilities, Mr. Epps was to "practice effective expense control by managing within [his] established monthly [$150] budget". At trial Mr. Epps acknowledged his spending on entertainment, such as for happy hours with clients and for Washington Redskins club level tickets, was something he did on his own. Although it is understandable that Mr. Epps wanted to inspire mortgage brokers to funnel business to CIT, entertaining them lavishly was not a condition of Mr. Epps' employment with

CIT.  Accordingly, we sustain respondent's determination disallowing the deductions claimed.

Moreover, petitioners did not satisfy the strict substantiation requirements with respect to deductibility of Mr. Epps' automobile and entertainment expenses, as set forth in section 274(d) and section 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Section 274(d) provides that no deduction under section 162 shall be allowed for:  (a) Travel expenses (including meals and lodging while away from home); (b) any item related to an activity of a type considered to be entertainment, amusement, or recreation; (c) any expense for gifts; or (d) the use of any "listed property", as defined in section 280F(d)(4), unless the taxpayer substantiates by adequate records or sufficient evidence certain elements corroborating the taxpayer's own testimony.  Section 280F(d)(4)(A)(i) provides that a passenger vehicle is "listed property".

For an expense governed by section 274(d), the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony:  (a) The amount of the expense; (b) the time and place of the travel or entertainment; (c) the business purpose of the expense; and in the case of entertainment, (d) the business relationship to the taxpayer of persons entertained or using the property.  To meet the adequate

records requirements of section 274(d), a taxpayer must maintain documentary evidence sufficient to establish each element of an expenditure or use.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra.  Contemporaneous logs are not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of an expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

With respect to Mr. Epps' entertainment expenses (including his football tickets), while petitioners' records indicate that the claimed expenditures were incurred, neither petitioners' records nor evidence corroborating Mr. Epps' testimony demonstrates the business purpose of the expenditures or the business relationship to Mr. Epps of the individuals entertained. Hence, petitioners have not satisfied the requirements of section 274(d) with regard to the claimed entertainment expenses.

With respect to Mr. Epps' automobile mileage deductions, petitioners again failed to demonstrate the business purpose of the automobile use or distinguish between Mr. Epps' business and personal use of the automobile.  Petitioners' mileage log is not an adequate record within the meaning of section 274(d) and the regulations thereunder, and petitioners failed to provide other

corroborative evidence sufficient to satisfy the requirements of that section.

To reflect concessions by the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.