T.C. Memo. 2011-121

UNITED STATES TAX COURT

BISWESH B. MALI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18668-07.                    Filed June 2, 2011.

Biswesh B. Mali, pro se.

<u>Mark S. Schwarz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Respondent determined a deficiency of $3,409
and an addition to tax under section 6651(a)(1)[1] of $852 with
respect to petitioner's 2003 Federal income tax.  After

_____

[1]All section references are to the Internal Revenue Code of
1986, as in effect for the year in issue, and all Rule references
are to the Tax Court Rules of Practice and Procedure.  All dollar
amounts are rounded to the nearest dollar.

concessions,[2] the issues for decision are: (1) Whether petitioner is entitled to a deduction of $724 for meals and entertainment expenses;[3] (2) whether petitioner is entitled to a deduction of $3,456 for car and truck expenses; (3) whether petitioner is entitled to a deduction of $10,130 for supplies expenses;[4] and (4) whether petitioner is liable for an addition to tax under section 6651(a)(1) of $852.

## FINDINGS OF FACT

Some facts are stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. At the time the petition was filed, petitioner resided in Nevada.

Petitioner was self-employed in the business of graphic design during 2003 as a sole proprietor. As part of his business, he produced T-shirts, promotional flyers, billboard

---

[2]The notice of deficiency disallowed $13,000 that petitioner claimed as a wages expense on his Schedule C, Profit or Loss From Business. Petitioner conceded at trial that he had no wages expense. Petitioner has not disputed respondent's determination that he is liable for self-employment tax of $2,495 (computed on the assumption that the other adjustments in the notice of deficiency will be sustained). Accordingly, petitioner is deemed to have conceded this issue. See Rule 34(b)(4).

[3]Petitioner claimed meals and entertainment expenses of $1,200 on his Schedule C but conceded at trial that the expenses did not exceed $724.

[4]Petitioner did not claim any supplies expenses on his Schedule C but contended at trial that he had $10,130 in supplies expenses.

advertisements, and television commercials. Petitioner reported $22,290 in gross receipts on his Schedule C from his graphic design business and claimed $22,466 in expenses. Respondent disallowed the deduction for $17,656 of the expenses.

Petitioner conducted the graphic design business from his residence.

Petitioner has two bachelor's degrees: One in microbiology from a university in his native Nepal and the other in graphic design from Midwestern State University in Texas.

Respondent concedes that petitioner was granted an extension of time to file his 2003 Federal income tax return until August 15, 2004. Respondent received petitioner's 2003 return on April 19, 2006.

OPINION

I. Meals and Entertainment Expenses

Respondent disallowed a deduction for meals and entertainment expenses of $1,200 as petitioner originally claimed. Petitioner now concedes that his meals and entertainment expenses did not exceed $724. Petitioner bears the burden of proving error in respondent's determination. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New

Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[5]
Furthermore, deductions are a matter of legislative grace, and
the taxpayer bears the burden of proving entitlement to any
claimed deductions.  Rule 142(a)(1); INDOPCO, Inc. v.
Commissioner, supra at 84; New Colonial Ice Co. v. Helvering,
supra at 440.

Where a taxpayer establishes that he paid or incurred a
deductible expense but does not establish the amount of the
deduction to which he may be entitled, we may in certain
circumstances estimate the amount allowable.  See Cohan v.
Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v.
Commissioner, 85 T.C. 731, 742-743 (1985).  However, certain
categories of expenses, including those for meals and
entertainment, must also satisfy the strict substantiation
requirements of section 274(d) in order to be deductible.  See
sec. 274(d)(2); sec. 1.274-5T(b)(3), Temporary Income Tax Regs.,

---

[5]Petitioner has not shown entitlement to a shift in the
burden of proof to respondent under sec. 7491(a) with respect to
any factual issue.  See H. Conf. Rept. 105-599, at 239-242
(1998), 1998-3 C.B. 747, 993-996 (taxpayer has the burden of
proving that he meets prerequisites for application of sec.
7491(a)).  A prerequisite to a shift in the burden of proof under
sec. 7491(a) is that the taxpayer cooperate with reasonable
requests for information and meetings.  Sec. 7491(a)(2)(B).
Petitioner conceded that he did not respond to a request from
respondent to meet and exchange information before trial as
required by Branerton Corp. v. Commissioner, 61 T.C. 691 (1974).
See Krohn v. Commissioner, T.C. Memo. 2005-145; Lopez v.
Commissioner, T.C. Memo. 2003-142, affd. on this issue 116 Fed.
Appx. 546 (5th Cir. 2004).

50 Fed. Reg. 46015 (Nov. 6, 1985). The Cohan rule may not be used to estimate expenses covered by section 274(d). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

To substantiate a deduction pursuant to section 274(d), the taxpayer must, through adequate records or sufficient evidence corroborating the taxpayer's own statement, show (1) the amount of the expense; (2) the time and place of the expense; (3) the business purpose of the expense; and (4) the business relationship of the taxpayer to the persons entertained (if applicable). See sec. 1.274-5T(b)(2) and (3), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46015 (Nov. 6, 1985).

Petitioner testified that he incurred meals and entertainment expenses, both in Las Vegas, Nevada, where he resided during the year at issue, and in California, where he claimed he traveled on business. Besides his general and vague testimony, petitioner has not presented any evidence that these claimed meals and entertainment expenses were for business purposes. The only documentary evidence that petitioner presented to substantiate meals and entertainment expenses totaling $724 was five credit card receipts from restaurants (totaling $165) and a receipt from a bowling alley (for $26). The restaurant receipts were all for restaurants in Las Vegas,

precluding any claim they were for meals while traveling on business.  The receipts do not indicate who was present at the meals or their business purpose, and petitioner's general claim in his testimony does not fill that gap.  Similarly, the bowling alley receipt standing alone does not substantiate a business purpose, nor does petitioner's testimony suggest a business purpose.  We conclude that petitioner has not substantiated the meals and entertainment expenses he claimed and sustain respondent's disallowance of all such expenses.

## II.  Car and Truck Expenses

Respondent disallowed petitioner's claimed deduction for car and truck expenses of $3,456.  Petitioner testified that he used his car 80 percent for business and that he drove it to California for business and to several client sites within Las Vegas.

Passenger automobiles are subject to the substantiation requirements of section 274(d) because they are listed property as defined in section 280F(d)(4)(A)(i).  For automobile expenses, taxpayers must substantiate:  (1) The amount of the expenditure; (2) the mileage for each business use of the automobile and the total mileage for all purposes during the taxable period; (3) the date of the business use; and (4) the business purpose of the use.  See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner has not established either the total miles driven or the miles driven for business purposes. The only documentary evidence petitioner provided was a repair receipt for his car that does not list the cost of the repair and a receipt for $299 for a rental car. The repair receipt includes an odometer reading, but standing alone such a reading does not establish total mileage driven during the year. There is no evidence regarding the business purpose of the car rental other than petitioner's general claim that it was for business purposes.

Petitioner has not substantiated any business use of his car or any other car and truck expenses as required by section 274. We accordingly sustain respondent's disallowance of all such expenses.

III. Supplies Expenses

At trial petitioner claimed entitlement to a deduction for supplies expenses of $10,130. To the extent he provided substantiation, it reveals that he used the supplies category to denominate a range of expenditures, including those for equipment, supplies, graphic design production items, cellular telephone equipment and service, utilities, and other items. Petitioner offered into evidence various invoices, receipts, and canceled checks that he contends substantiate the expenses he claims were for supplies. We will discuss petitioner's proffered substantiation as best we can categorize it.

A.  Equipment

Petitioner testified that he made the following purchases in 2003 for use in his graphic design business:  $2,000 for a laptop, $900 for a video camera, $1,100 for a digital camera, $800 for another laptop, and an unspecified amount for a desk. The only documentary evidence petitioner offered concerning the foregoing was a credit card receipt for the purchase of a video camera for $1,072 in 2003.  There is no substantiation for any of the other claimed purchases; accordingly, no deduction for any other equipment is allowable.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

A video camera is listed property subject to the substantiation requirements of section 274(d), see sec. 280F(d)(4)(A)(iii); sec. 1.280F-6T(b)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46041 (Nov. 6, 1985), with certain exceptions.[6]  Petitioner's general claim that the video camera was used for business purposes does not satisfy the substantiation requirements of section 274(d), under which the

---

[6]A video camera is not listed property if it is used exclusively in connection with the taxpayer's principal business or exclusively at the taxpayer's regular business establishment. See sec. 1.280F-6T(b)(3)(ii), Temporary Income Tax Regs., 50 Fed. Reg. 46041 (Nov. 6, 1985).  Petitioner has not shown that his use of the video camera was confined in either of these ways.

The temporary regulation was made final on June 25, 2004, effective for property placed in service after July 7, 2003, and is redesignated sec. 1.280F-6(b)(3), Income Tax Regs.  See T.D. 9133, 2004-2 C.B. 25.  The video camera at issue was purchased on Jan. 31, 2003.

periods of business use and overall use must be shown.  See sec.
1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016
(Nov. 6, 1985).  Therefore, petitioner is not entitled to any
additional deduction for the expenditure represented by the
receipt for the video camera.[7]

B.    Supplies

Petitioner offered into evidence credit card receipts for
2003 for purchases totaling $238 at Circuit City, CompUSA, and
Office Max.  Petitioner claimed $590 for "office expense" on the
Schedule C, which respondent allowed.  Petitioner has not shown
that the amounts represented by the foregoing credit card
receipts have not already been allowed as office expenses.  He
therefore is not entitled to any additional deduction for the
expenditures reflected in these receipts.

C.    Graphic Design Production Expenses

Petitioner offered into evidence invoices and cancelled
checks for 2003 (including some checks with completed memo

---

[7]Petitioner elected a sec. 179 expense deduction of $768 for
a "camera" on a Form 4562, Depreciation and Amortization,
attached to his Schedule C, that was carried over to 2004.  Even
if one assumes that the camera for which a $768 expensing
election was made is the video camera reflected in the $1,072
credit card receipt in evidence, petitioner has not shown
entitlement to any deduction in 2003 with respect to the camera
because it is listed property subject to the substantiation rules
of sec. 274(d), and petitioner has not shown that he satisfied
those requirements, as discussed above.  See sec. 1.274-5T(b)(6),
Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985);
see also Singh v. Commissioner, T.C. Memo. 2009-36; Whalley v.
Commissioner, T.C. Memo. 1996-533.

entries) that he testified reflected payment for services related to his graphic design business.  Upon our examination of this evidence we are satisfied that petitioner has substantiated payments for graphic-design-related items as follows:[8]

| Vendor | Payment Substantiated |
|---|---|
| Tee Shirts of Nevada | $186 |
| Full Color Printing | 3,186 |
| Envelopes of Nevada | 892 |
| WOW Printing | 740 |
| Pappapetru's (diemaker) | 365 |
| Final Cut Letterpress | 751 |
| Rotocolor, Inc. (label maker) | 23 |
| United Parcel Service, Inc. (shipping from Rotocolor, Inc.) | 31 |
| Banner Outlet | 16 |
| Creative Eye Embroidery (cap embroiderer) | 109 |
| Discount Labels, Inc. | 73 |
| Dare to Dream Digital, Inc. | 437 |
| Pictographics | 100 |
| Rory Rehm (for banners) | 90 |
| Glenn Grayson (for audiovisual services) | 650 |
| Peter Chmiel (for DVD compressor) | 300 |
| Total | 7,949 |

---

[8]In many instances, invoices and cancelled checks can be matched.  In other situations, we are persuaded on the basis of other contextual evidence that invoices lacking cancelled checks or cancelled checks lacking invoices still substantiate payment.

We accordingly hold that petitioner has demonstrated entitlement to a deduction for Schedule C expenses totaling $7,949 not previously allowed.

We further find that petitioner failed to show a business purpose for payments during 2003 to the following individuals and organizations: David Ban, Joey Franco, Drivers License Renewal [sic], CCSN-Board of Regions [sic], BMG Music, Apple, Server City, Cox, Fleet, and Indian Hills, or for a draft invoice for Jeep Window Vision. Therefore, petitioner has not shown entitlement to a deduction for these expenditures as trade or business expenses under section 162.

Petitioner also offered into evidence a cancelled check for $358 payable to the "IRS". Except in circumstances which petitioner has not shown apply, payments of Federal tax are generally not deductible. See sec. 275(a).[9] Petitioner has not shown entitlement to a deduction for this expenditure.

D.   Cellular Telephone Expenses

Petitioner offered into evidence a number of receipts and cancelled checks that appear to relate to the purchase of a cellular telephone and service for either a cellular or other

_____

[9]Although petitioner was self-employed and one-half of any Federal self-employment tax paid is deductible, see secs. 164(f), 275(a), there is no evidence that petitioner paid any self-employment tax in 2003. Indeed, respondent determined a deficiency in self-employment tax of $2,495 for 2003 which petitioner has not disputed.

telephone.  Certain receipts from "good guys!" indicate that he
made payments totaling $134 to purchase a cellular telephone and
possibly to purchase some portion of a service package.  The
checks to Sprint and Sprint PCS indicate that he made additional
payments of $1,281 for cellular telephone service or
alternatively for other telephone service.  As discussed above,
certain listed property is subject to stricter substantiation
requirements under section 274(d)(4).  For 2003 cellular
telephones were listed property,[10] and both the purchase of,
including any possible depreciation deduction or expensing, and
service for, cellular telephones were subject to the
substantiation requirements of section 274(d).  See sec.
280F(d)(4)(A)(v); Lang v. Commissioner, T.C. Memo. 2010-152;
Singh v. Commissioner, T.C. Memo. 2009-36; Vaksman v.
Commissioner, T.C. Memo. 2001-165, affd. 54 Fed. Appx. 592 (5th
Cir. 2002); Whalley v. Commissioner, T.C. Memo. 1996-533; see
also sec. 280F(d)(1); sec. 1.179-1(d)(3), Income Tax Regs.  To
meet the substantiation requirements for a cellular telephone,
petitioner must substantiate:  (1) The amount of the expenditure;
(2) the total time that the cellular telephone was used for
business purposes and the total overall time that the cellular

---

[10]Effective for taxable years beginning after Dec. 31, 2009,
cellular telephones are no longer listed property.  See Small
Business Jobs Act of 2010, Pub. L. 111-240, sec. 2043, 124 Stat.
2560.

telephone was used; (3) the date of the business use; and (4) the business purpose of the use.  See sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Petitioner has not provided any testimony or other evidence that would indicate the total time that the cellular telephone was used, either for business purposes or overall.  Petitioner has also not provided any testimony or provided any documentary evidence indicating the dates of cellular telephone use.  On the alternative assumption that some of the checks to Sprint were for conventional "landline" telephone service, they are not deductible because there is no showing that these payments were for an additional telephone line.  Basic local telephone service for a first line to a personal residence is a nondeductible personal expense.  See sec. 262(b).  Therefore, petitioner has not shown entitlement to any deduction for the foregoing telephone expenditures.

E.   Utilities Expenses

Petitioner introduced into evidence several cancelled checks for 2003 payable to Nevada Power and to Southwest Gas that totaled $588 and $146, respectively.  However, petitioner claimed $1,620 for "utilities" expenses on the Schedule C, which respondent allowed.  Petitioner has not shown that the amounts represented by the cancelled checks payable to Nevada Power and to Southwest Gas have not already been allowed.  He therefore is

not entitled to any additional deduction for the expenditures reflected in these checks.

F.    Other Payments

Petitioner introduced into evidence a 2003 cancelled check for $173 payable to the City of Las Vegas for a business license. Petitioner claimed $499 for "taxes and licenses" on his Schedule C, which respondent allowed.  Petitioner has not shown that the amount represented by this cancelled check has not already been allowed.  He therefore is not entitled to any additional deduction for the expenditure reflected in this check.

IV. Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for any failure to file a return by its due date.  The addition is equal to 5 percent of the amount required to be shown as tax on the return for each month or portion thereof that the return is late, up to a maximum of 25 percent.  Sec. 6651(a)(1).  The addition is imposed on the net amount due, calculated by reducing the amount required to be shown as tax on the return by any part of the tax which is paid on or before its due date.  Sec. 6651(b)(1).  Under section 7491(c), respondent has the burden of production for any addition to tax.

The addition will not apply if it is shown that the failure to file a timely return was due to reasonable cause and not due to willful neglect.  See sec. 6651(a)(1); see also United States

v. Boyle, 469 U.S. 241, 245 (1985). A failure to file is due to reasonable cause "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see United States v. Boyle, supra at 246. Willful neglect is interpreted as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245.

Petitioner was granted an extension under which his 2003 Federal income tax return was due on August 15, 2004. See secs. 6072(a), 6081(a); sec. 1.6081-4(a), Proced. & Admin. Regs. Respondent received his return on April 19, 2006. These undisputed facts satisfy respondent's burden of production under section 7491(c) and establish petitioner's liability for the section 6651(a)(1) addition to tax unless petitioner can establish that his failure to file timely was due to reasonable cause and not willful neglect. See sec. 6651(a)(1); see also United States v. Boyle, supra at 245.

Petitioner testified that he filed late because he was experiencing acute financial difficulties and because he did not understand that he would incur a penalty that increased over time for his failure to file timely. As there is no evidence that petitioner was unable to manage other matters at the due date and during the period of the delinquency, petitioner's explanation falls short of reasonable cause for a failure to file timely.

See <u>Campbell v. Commissioner</u>, T.C. Memo. 2011-42; <u>Wright v. Commissioner</u>, T.C. Memo. 1998-224, affd. without published opinion 173 F.3d 848 (2d Cir. 1999); <u>Bear v. Commissioner</u>, T.C. Memo. 1992-690, affd. without published opinion 19 F.3d 26 (9th Cir. 1994). Accordingly, petitioner did not have reasonable cause for failure to file timely, and petitioner is liable for the addition to tax under section 6651(a)(1) in an amount to be computed under Rule 155.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.