T.C. Memo. 2018-52

UNITED STATES TAX COURT

TING CAI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10270-16.                    Filed April 16, 2018.

Ting Cai, pro se.

<u>Adam B. Landy</u>, <u>Thomas R. Mackinson</u>, and <u>Jason T. Scott</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>: Respondent determined deficiencies in petitioner's

Federal income tax of $9,150 and $15,549 and accuracy-related penalties of

$1,830 and $3,092 for 2013 and 2014, respectively.

**[\*2]**   After concessions,[1] the issues for decision are whether petitioner is:  (1) entitled to Schedule C deductions claimed for tax years 2013 and 2014 and (2) liable for section 6662(a) accuracy-related penalties.[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated by this reference.  Petitioner resided in California when he filed his petition.

Petitioner is a software designer.  He received an undergraduate degree in computer science from San Jose State University and an M.B.A. from Houston Baptist University.  Petitioner worked as a data scientist for eBay, Inc., from 2011 to 2015.

---

[1]  At trial respondent argued that petitioner's 2013 deductions claimed on Schedule C, Profit or Loss From Business, should be disallowed as startup expenses under sec. 195.  However, neither of the two notices of deficiency mentions sec. 195, and respondent failed to make these arguments in his answer or on brief.  Accordingly, we consider this issue conceded.  See Mendes v. Commissioner, 121 T.C. 308, 312-313 (2003) (holding that arguments not addressed on brief may be considered abandoned); Davis v. Commissioner, 119 T.C. 1, 1 n.1 (2002).

[2]  Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]   In 2013 petitioner began developing field pricing software for gas station convenience stores.  Petitioner solicited investments for his software, courting one potential investor in particular, Jun Ding.  Petitioner discussed his company with Mr. Ding during several meetings in locations such as California, Las Vegas, China, and Hawaii.  Mr. Ding also introduced petitioner to other possible investors during these trips.  However, Mr. Ding decided not to invest in petitioner's company.  Additionally, petitioner's two potential customers found that the software did not fit their businesses.

In 2014 petitioner shifted his focus to educational software.  He designed new software that taught children how to program computers.  This software was a computer-based interactive learning tool that replaced the standard live-teaching software model.

In order to get a sense of the educational field and test his new software, petitioner rented space from Green Apples Education and offered free classes to its students.  Many children signed up for the classes, but petitioner found that his initial model was unsuccessful; customers preferred a live-teaching model, and the price of the software was too high.

Thus, in October 2014 petitioner changed his initial software model to a live-teaching model.  This new software was similar to a webinar:  His company

[*4] hired local instructors and connected them with students via the internet. Petitioner also moved his office to San Bruno, California, where the rent was less expensive and the location was more convenient for the local instructors he hired. Petitioner's live-teaching model has increased his revenues significantly, and he has started hiring instructors from across the country.

Petitioner engaged Shirley Zhang, a certified public accountant employed by Nationwide Tax and Accounting Servicing, to prepare his 2013 and 2014 Federal income tax returns. Petitioner was referred to Ms. Zhang by a friend and he provided her with relevant information regarding his business and expenses, including bank and credit card statements. Ms. Zhang prepared Schedules C for these returns, on which petitioner claimed various deductions for 2013 and 2014. Respondent issued petitioner notices of deficiency for both years, disallowing several deductions in their entirety. Respondent's disallowances are as follows:

[*5]

| Expense | Taxable year | Amount |
|---|---|---|
| Travel | 2013 | $7,036 |
| Office | 2013 | 7,570 |
| Car and truck | 2013 | 18,027 |
| Rent/lease–other business property | 2014 | 50,200 |
| Depreciation and section 179 | 2014 | 10,676 |
| Commissions and fees | 2014 | 6,671 |

Petitioner timely petitioned this Court, and a trial was held in San Francisco, California.

OPINION

I.    Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction

[*6] claimed.[3]  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

II.    Business Expense Deductions

Section 162(a) permits a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business.  See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971).  A trade or business expense is ordinary if it is normal or customary within a particular trade, business, or industry, and it is necessary if it is appropriate and helpful for the development of the business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, 290 U.S. at 113-114.

A taxpayer must maintain adequate records to substantiate the amounts of his income and entitlement to any deductions or credits claimed.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  When a taxpayer establishes that she paid or incurred a deductible expense but does not establish the amount of the deduction,

---

[3] Sec. 7491(a) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtit. A or B and meets other prerequisites, the Secretary shall have the burden of proof with respect to that issue.  Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).  However, petitioner has neither claimed nor shown that he satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent.  Accordingly, petitioner bears the burden of proof.  See Rule 142(a).

[*7] we may estimate the amount allowable in certain circumstances (Cohan rule). Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit us to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

For certain kinds of business expenses, section 274(d) overrides the Cohan rule. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Section 274(d) provides that no deduction is allowed with respect to travel, entertainment, or listed property (as defined in section 280F(d)(4)) unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of expense or item; (2) the time and place of the travel, entertainment, or expense; (3) the business purpose of the entertainment or expense; and (4) the business relationship to the taxpayer of the person or persons entertained. A taxpayer satisfies the "adequate records" test if he maintains an account book, a diary, a log, a statement of expense, trip sheets, or similar records prepared at or near the time of the expenditures that show each element of each expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

**[*8]** III.  Disallowed Deductions for 2013

  A.  Travel Expenses

  Petitioner claimed a travel expense deduction of $7,036 for 2013. The record contains receipts for gas[4] and rental cars, as well as air travel itineraries. Most of these expenses relate to his trips to Las Vegas and Shanghai. Petitioner did not keep a travel log, and his broad testimony that he traveled to recruit Mr. Ding as an investor is insufficient to establish the business purpose of each trip as required by section 274(d). See Olagunju v. Commissioner, T.C. Memo. 2012-119, 2012 Tax Ct. Memo LEXIS 118, at *18-*19 (holding the taxpayer's broad testimony and receipts insufficient to establish the business purpose of travel). Petitioner is not entitled to a travel expense deduction for 2013.

  B.  Office Expenses

  Petitioner claimed a deduction of $7,570 for office expenses for 2013. Petitioner produced receipts and credit card statements to corroborate some of these expenses. Those documents in the record that were legible substantiate

---

  [4] It is unclear whether petitioner submitted these receipts to substantiate his travel expenses or car and truck expenses, both of which are at issue.

[*9] $189.06 of office expenses for 2013,[5] and petitioner is entitled to a deduction in this amount for 2013.[6]

### C. Car and Truck Expenses

Because automobiles are listed property, automobile expenses are also subject to the strict substantiation requirements of section 274(d). See secs. 274(d)(4), 280F(d)(4)(A)(i). Petitioner claimed a deduction of $18,027 for car and truck expenses for 2013. Petitioner did not keep a mileage log for these expenses.

---

[5] The record includes evidence of several expenditures that petitioner labeled "gifts". The cost of gifts may be an ordinary and necessary business expense if the gifts are directly related to the taxpayer's generation of business income. Brown v. Commissioner, T.C. Memo. 1984-120. Petitioner bears the burden of proving to what extent the gift items contributed to his income. See Sutter v. Commissioner, 21 T.C. 170, 173-174 (1953). Business gift deductions pursuant to sec. 162 are restricted to $25 per donee per taxable year and require adequate substantiation under sec. 274(d). Sec. 274(b)(1). All of the expenses petitioner labeled "gifts" are over $25 and have not been adequately substantiated under sec. 274(d). Therefore, petitioner is not entitled to a deduction for these items.

[6] Petitioner submitted a credit card statement that shows a purchase from Fry's Electronics labeled "office supplies". However, we infer from petitioner's testimony that this purchase was for computer equipment for which he also claimed a depreciation deduction for 2014. Besides the matter of petitioner possibly claiming a double deduction, the strict substantiation requirements of sec. 274(d) also apply to deductions for computers and computer-related peripheral equipment. Secs. 274(d)(4), 280F(d)(4)(A)(iv). Petitioner has not established that this purchase was for computers and peripheral equipment excluded from listed property by secs. 280A(c)(1) and 280F(d)(4)(B). As discussed infra IV.B., petitioner has not met the strict substantiation standards of sec. 274(d) with regard to this purchase and is not entitled to a deduction for this amount.

**[\*10]** While he did produce gas receipts, a car loan statement, and a spreadsheet with a total amount of miles driven and maintenance expenses, petitioner did not provide a business purpose for these amounts. Therefore, petitioner has not met the requirements of section 274(d) for car and truck expenses and he is not entitled to a deduction for these expenses for 2013.

IV.    Disallowed Deductions for 2014

A.    Rent/Lease Expenses

Petitioner claimed a deduction of $50,200 for rent/lease expenses for 2014. Petitioner rented space from Green Apples Education in Cupertino, California, from May through December 2014. He credibly testified that his rent in Cupertino was $5,000 per month and produced monthly invoices from Green Apples Education for these amounts. In October 2014 petitioner also began renting an office in San Bruno, California, at $3,400 per month, with a discounted first month's rent of $3,173.33. Petitioner substantiated these amounts with an account ledger from the San Bruno property management company. On the basis of petitioner's credible testimony, we are satisfied that his rental of both spaces was

[*11] ordinary and necessary for his software development business. Thus, petitioner is entitled to a rent expense deduction of $49,973.33 for 2014.[7]

B.      Depreciation and Section 179 Expenses

Section 167(a) allows a taxpayer a depreciation deduction for the exhaustion, wear and tear, or obsolescence of property used in the taxpayer's trade or business or of property held for the production of income. Section 179(a) allows a taxpayer a deduction for the cost of certain types of property for the year they are placed in service. Section 179 property includes section 1245 property which is acquired by purchase for use in the active conduct of a trade or business that is either (1) tangible property to which section 168 applies or (2) computer software. Sec. 179(d)(1). To substantiate entitlement to a depreciation deduction, a taxpayer must show that the property was used in a trade or business (or other profit-oriented activity) and must establish the property's depreciable basis by substantiating the property's cost, useful life, and any previously allowable depreciation. Cluck v. Commissioner, 105 T.C. 324, 337 (1995). The heightened substantiation requirements of section 274(d) must also be met for proving the business use of certain assets, including "listed property". See, e.g., Mears v.

_____

[7] Petitioner did not explain the disparity between the $49,973.33 of substantiated rent/lease expenses and the $50,200 he claimed on his 2014 Schedule C.

**[*12]** <u>Commissioner</u>, T.C. Memo. 2013-52, at *22 (considering section 274(d) requirements with respect to applicable section 167 deductions); <u>Singh v. Commissioner</u>, T.C. Memo. 2009-36, 2009 Tax Ct. Memo LEXIS 35, at *3-*4 (considering section 274(d) requirements with respect to an applicable section 179 deduction). Computer and computer-related peripheral equipment generally are listed property. Secs. 274(d)(4), 280F(d)(4)(A)(iv).

Petitioner claimed a deduction of $10,676 for depreciation and section 179 expenses for 2014. At trial, petitioner testified that this deduction was for equipment, and that "most" of the equipment was computers purchased at Fry's Electronics. However, petitioner testified that he did not have any receipts for the purchase of this equipment; he produced a credit card statement showing one purchase at Fry's Electronics, but it bears no details about items purchased or the time and place of the equipment's use. Because petitioner has failed to satisfy the heightened substantiation requirements of section 274(d), we sustain respondent's disallowance of his claimed deduction for depreciation and section 179 expenses.

C.    <u>Commissions and Fees</u>

Petitioner claimed a deduction of $6,671 for commissions and fees for 2014. Petitioner did not present any evidence of commissions and fees paid in 2014. Therefore, he is not entitled to this deduction.

**[\*13]** V.    <u>Accuracy-Related Penalties</u>

Next, we address whether petitioner is liable for accuracy-related penalties.[8]

Pursuant to section 6662(a) and (b)(1), a taxpayer may be liable for a penalty of 20% on the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations.  However, a taxpayer is not liable for the accuracy-related penalty if there was reasonable cause for the underpayment and the taxpayer acted in good faith.  Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs.

The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and "disregard" includes any careless, reckless or intentional disregard of rules or regulations.  Sec. 6662(c); sec. 1.6662-3(b)(1) and (2), Income Tax Regs.  A disregard of rules or regulations is "careless" if the taxpayer does not exercise reasonable diligence in determining the correctness of a return position that is contrary to a rule or regulation.  Sec. 1.6662-3(b)(2), Income Tax Regs.  A disregard is "reckless" if the taxpayer makes little or no effort to determine whether a rule or regulation exists, under circumstances which demonstrate a substantial deviation from the standard of

_____

[8] While petitioner did not address his liability for the accuracy-related penalty in his petition, we find that this issue was tried by consent.  <u>See</u> Rule 41(b).

**[\*14]** conduct that a reasonable person would observe.  Id.  A disregard is "intentional" if the taxpayer knows of the rule or regulation that is disregarded. Id.

The Commissioner has the burden of production with respect to the accuracy-related penalty.  Sec. 7491(c).  To meet this burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. at 446.  The Commissioner's burden of production under section 7491(c) includes establishing compliance with the supervisory approval requirement of section 6751(b).[9]  Graev v. Commissioner, 149 T.C. ___, ___ (slip op. at 14) (Dec. 20, 2017), supplementing and overruling in part 147 T.C. ___ (Nov. 30, 2016); see also Chai v. Commissioner, 851 F.3d 190, 222 (2d Cir. 2017) (citing Higbee v. Commissioner, 116 T.C. at 446), aff'g in part, rev'g in part T.C. Memo. 2015-42.  Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Rule 142(a); see Higbee v. Commissioner, 116 T.C. at 447.  The taxpayer may meet her burden by proving that she acted with reasonable cause and in good faith

---

[9] Sec. 6751(b) requires written supervisory approval of the initial determination of certain penalties.

[*15] with respect to the underpayment.  See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. at 447; sec. 1.6664-4(b)(1), Income Tax Regs.  The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor is the extent of the taxpayer's effort to assess her proper tax liability.  Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs.

Good faith reliance on the advice of an independent, competent professional as to the tax treatment of an item may constitute reasonable cause.  Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98-99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b), Income Tax Regs.; see Estate of Ralph Robinson v. Commissioner, T.C. Memo. 2010-168, 2010 Tax Ct. Memo LEXIS 204, at *12-*13; see also United States v. Boyle, 469 U.S. 241, 250 (1985).  This Court has stated that reasonable cause and good faith are present where the record establishes by a preponderance of evidence that:  (1) the taxpayer reasonably believes that the professional upon whom the reliance is placed is a competent tax adviser who has sufficient expertise to justify reliance; (2) the taxpayer provides necessary and accurate information to the adviser; and (3) the taxpayer actually

**[*16]** relies in good faith on the adviser's judgment. <u>Neonatology Assocs., P.A. v. Commissioner</u>, 115 T.C. at 99.

Assuming (without finding) that respondent has met his burden of production in the instant case, we nevertheless conclude that petitioner carried his burden with respect to reasonable cause and good faith.[10]

It is clear from the record that petitioner has no background in taxation. While petitioner has an M.B.A., his experience and knowledge lie in software design. Petitioner therefore acted prudently in securing the services of Ms. Zhang, his return preparer. Given the professional quality and completeness of petitioner's tax returns, we are satisfied that petitioner's reliance on Ms. Zhang was justified. Furthermore, petitioner established that he provided Ms. Zhang with necessary and accurate information. Finally, petitioner's testimony establishes that he relied upon his return preparer in good faith.

In sum, the record as a whole establishes that petitioner made a good-faith effort to assess his proper tax liability and reasonably relied on the advice of his return preparer. We therefore hold that petitioner is not liable for the accuracy-related penalties.

---

[10] Because we hold that petitioner acted in good faith and with reasonable cause, we need not decide whether respondent carried his burden of production under sec. 7491(c).

**[*17]** In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

<u>Decision will be entered under</u>

<u>Rule 155</u>.